FILED
1997 JUN -9 AM 9: 59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TERRILL W. SANDERS, Administrator of the Estate of Dorothy Benson Dick, deceased, and MICHAEL EUGENE DICK, individually, | ] ] ] ] ] ] |
| Plaintiff(s), | ] CV-96-N-2133-S |
| vs. | ] ] |
| KENNETH U. EKECHEKWU, et al., | ] ] ] |
| Defendant(s). | ] |

ENTERED
JUN 9 1997

## Memorandum of Decision

The court has for consideration the motion for summary judgment filed by Community Health Services, Inc. (CHS) on November 13, 1997. The court has afforded the parties an opportunity to brief the motion and heard argument at the Scheduling Conference held on April 2, 1997. The motion is ripe for decision.

The plaintiff, Michael Dick, alleges that he was a patient at West Alabama Health Services, Inc. and Community Health Services, Inc. in Birmingham, Alabama on February 28, 1994. *Complaint*, at 1. During that visit he contends he was prescribed Zoloft to treat depression. He avers that he had a reaction to this medication which caused him to strangle his wife. Community Health Services, Inc. is named as a defendant in this action as the operator of the health care facility that treated Mr. Dick. Specifically, the plaintiff claims that this defendant was

negligent by failing to exercise, in the treatment of Plaintiff, Michael Eugene Dick, the degree of care, skill and diligence used by health care facilities and/or health care clinics generally in the community. Plaintiffs further aver that said Defendants were negligent in failing to warn and/or adequately warn of the dangers, adverse reactions and/or side effects associated with the use of the drug Zoloft involved in the occurrence made the basis of Plaintiffs' complaint.

*Complaint*, at 3.

CHS has presented evidence that the clinic where Mr. Dick received treatment, the Tom Brown Center, has been operated by West Alabama Health Services, Inc. since July 1993, and not by CHS. *Affidavit of Myra Willingham; Coleman Deposition*, at 33-34. The plaintiffs contend that as of the date of Mr. Coleman's deposition, "Community Health Services, Inc." was printed on brochures located inside the clinic, and on the sign outside the clinic. *Plaintiffs' Supplemental Response to Summary Judgment*, at 1. They also insist that "Johnny A. Owens, Esquire, attorney for Community Health Services, comments that West Alabama Health Services, Inc. does business as Community Health Services, Inc." *Id.* at 2. Lastly, they cite the St. Paul insurance agreement which they say "resolves all dispute relative to the clinic being operated as Community Health Services, Inc. since December 15, 1992." *Id.*

The St. Paul insurance policy, merely indicates that CHS is protected by the policy, and that its protection is retroactive to December 15, 1992. *St. Paul Policy*, at 6. The policy itself appears to have been procured by West Alabama Health Services, Inc., not by CHS, and does not mention the specific clinic where Mr. Dick was treated. Accordingly, it is not probative of who ran the clinic in February of 1994. The plaintiff has failed to present any other evidence that the clinic, whatever it may be called now, was *actually* operated by

2

Community Health Services, Inc. at the time Mr. Dick sought treatment there. While identity of name may be prima facie evidence of identity of person, *Freeman v. Hall*, 286 Ala. 161, 238 So.2d 330 (Ala. 1970), in this case the evidence shows that the name "Community Health Services, Inc." was used without authorization by employees at the clinic. *Coleman deposition*, at 26. Without more, the unauthorized use of the name Community Health Services, Inc. by West Alabama Health Services, Inc. cannot form the basis for liability on the part of CHS. The claims against Community Health Services, Inc., by separate order, will be **DISMISSED** with prejudice.

Done, this ___6th___ of May, 1997.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

3