UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRILL W. SANDERS, Administrator of the Estate of Dorothy Benson Dick, deceased, and MICHAEL EUGENE DICK, individually, | ] ] ] ] ] ] | |
| Plaintiffs, | ] ] | CV 96-N-2133-S |
| vs. | ] ] | |
| UNITED STATES OF AMERICA, et al., | ] ] ] | |
| Defendants. | ] | |

### Memorandum of Opinion

#### I.   Introduction.

In this suit, plaintiffs assert claims against two federal defendants, West Alabama Health Services, Inc. and Dr. Kenneth Ekechekwu, for "negligence, wantonness and/or breach of legal duties."[1] Specifically, plaintiffs allege that the defendants negligently and wantonly prescribed the drug "Zoloft" for plaintiff Michael Dick's depression, which caused him to strangle and kill his wife, Dorothy Dick. The case is properly before this court, which has jurisdiction pursuant to 28 U.S.C. § 1346.

This matter is presently before the court on the United States' motion for summary judgment, filed September 1, 1998. The issues have been briefed by the government. By order dated April 2, 1997, this court fixed a briefing schedule for summary judgment

---

[1] The plaintiffs also brought claims against Community Health Services, Inc., Pfizer, Inc., Roerig, and Pratt Pharmaceutical. The claims against Community Health Services were dismissed on June 9, 1997. The claims against the other defendants are not considered in this memorandum of opinion.

motions. The deadline for plaintiffs to respond to the government's motion has now passed. Accordingly, the motion is ripe for decision. Upon due consideration, the motion will be granted.

## II. Statement of Facts.[2]

On February 28, 1994, Plaintiff Michael Eugene Dick sought and received medical treatment at West Alabama Health Services' office in Birmingham, Alabama. *Amended Complaint*, ¶ 2. He was seen and treated by Dr. Kenneth U. Ekechekwu, who diagnosed Mr. Dick with depression. *Id.* At the time he treated Mr. Dick, Dr. Ekechekwu was Board-certified in internal medicine. *Deposition of Kenneth U. Ekechekwu, M.D.* at 25.

Dr. Ekechekwu prescribed the drug sertraline, also known by its trade name "Zoloft," for Mr. Dick. *Amended Complaint*, ¶ 2. During the morning of February 28, 1994, Mr. Dick took one tablet of Zoloft. *Deposition of Michael Dick* at 111-12, 118.

On March 1, 1994, Mr. Dick went to work. *Id.* at 131. He carried one Zoloft tablet with him to work wrapped in tissue in his pocket. *Id.* at 111-12. That day, Mr. Dick experienced nausea and vomiting and passed out at work. *Id.* at 127-28, 131. Mr. Dick's supervisor drove him home from work in the morning. *Id.* at 132.

On March 1, 1994, from his home, Mr. Dick called Dr. Ekechekwu, *Id.* at 132, who advised Mr. Dick to continue taking Zoloft. *Id.* at 139-40. Nonetheless, Mr. Dick recalls

---

[2] The facts set out below are gleaned from the government's submission of undisputed facts in support of the summary judgment motion. Because plaintiffs failed to respond to these facts, they are deemed admitted for summary judgment purposes. *See Initial Order*, April 2, 1997, at 4; *see also FTC v. Febre*, 128 F.3d 530, 535-36 (7th Cir. 1997). The court notes that these facts are amply supported by the record, and particularly by the evidence submitted by the government in conjunction with the summary judgment motion. However, these are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

2

taking only one Zoloft tablet, the tablet he took on the morning of February 28, 1994. *Id.* at 111-13, 142-43, 192.

Very late the night of Tuesday, March 1, 1994, Mr. Dick "strangle[d] and kill[ed] his wife [Dorothy Dick]." *Id.* at 175-76, 184-85; *Amended Complaint*, ¶ 8(b).

At the time Dr. Ekechekwu treated Mr. Dick, there were no medical reports indicating that Zoloft was documented to have contributed to homicide or violent behavior. *Deposition of Lawrence G. Miller, M.D.* at 37-38; *Hood Declaration*, Exhibit A.

### III.   Summary Judgment Standard.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party

3

support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the nonmovant has properly responded to a motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

4

matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983) (indicating the standard for summary judgment is "[s]ubstantively . . . very close" to that for motions for directed verdict). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are functions of the jury, and, therefore, "[t]he evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

**IV.   Discussion.**

As an initial matter, it should be noted that the plaintiffs disclosed no evidence supporting allegations of negligence by West Alabama Services or allegations of wantonness by Dr. Ekechekwu or by West Alabama Health Services. *Miller Deposition* at 25 and Exhibit 3. The only question, therefore, is whether Dr. Ekechekwu breached his standard of care during his telephone conversation with Mr. Dick on March 1, 1994.

5

Under Alabama law, a plaintiff seeking to recover damages for negligence must prove, *inter alia,* that there was a proximate causal connection between the act or omission and the injury sustained. *Bradford v. McGee,* 534 So. 2d 1076 (Ala. 1988). Proximate cause hinges upon foreseeability. *Hilliard v. City of Huntsville Electric Utility Board,* 599 So. 2d 1108, 1112 (Ala. 1992) (citing *Springer v. Jefferson County,* 595 So. 2d 1381, 1384 (Ala. 1992)).

In the present case, there is simply no evidence that Dr. Ekechekwu could have foreseen that ingestion of a reasonable dosage of Zoloft would cause Mr. Dick to strangle his wife. As Dr. Lawrence G. Miller, the plaintiff's expert, testified, there was no medical literature that could have predicted a reaction such as that alleged by the plaintiffs. *Miller Deposition* at 37-38. In fact, Dr. Miller admitted that prescribing Zoloft given Mr. Dick's complaints and medical history was an appropriate medical treatment on February 28, 1994, when Dr. Ekechekwu made his diagnosis. *Id.* at 43. The expert contended, however, that Dr. Ekechekwu breached his standard of care on the following day, March 1, 1994, when he spoke with Mr. Dick via telephone and advised him to continue taking Zoloft. Dr. Miller suggested that Dr. Ekechekwu should have either evaluated Mr. Dick in the office or discontinued his medication. *Id.* at 51-52. Despite this conclusion, which is disputed by the defendant's expert, the plaintiffs have not demonstrated that the failure to follow either of Dr. Miller's suggestions led to Mr. Dick's reaction. The evidence suggests that Mr. Dick only took one Zoloft tablet anyway, on February 28, 1994, *Deposition of Michael Dick* at 111-13, 142-43, 192, and even the plaintiff's expert could not predict whether an evaluation in the office would have made any difference. *Miller Deposition* at 82-84. Furthermore, Dr. Miller

6

acknowledged during his deposition that he could not state with reasonable certainty that Mr. Dick's violent action would not have occurred even had Mr. Dick been further evaluated or discontinued the medication on March 1, 1994. *Id.* at 80-81.

Given these facts, the United States has carried its burden under Fed. R. Civ. P. 56. *Celotex*, 477 U.S. at 322-23. The plaintiffs have not even responded to the government's presentation, much less succeeded in "designat[ing] 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Therefore this court concludes that there is no genuine issue of material fact and the United States is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The government's summary judgment motion is due to be granted.

## V. Conclusion.

Accordingly, the government's motion for summary judgment will be granted. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 26th of October, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE